**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MICHAEL PLAIA,** | |
| **Plaintiff,** | Civil Action No. 20-6489 (ES) (CLW) |
| v. | OPINION |
| **ALINA PLAIA,** *et al.*, | |
| **Defendants.** | |

**HAYDEN, DISTRICT JUDGE**

Before the Court are two objections to Magistrate Judge Cathy L. Waldor's report and recommendation (D.E. No. 28 (the "R&R")) that the Court grant plaintiff Michael Plaia's motion to remand this action to state court. Defendant Alina Plaia ("Alina") objects to Judge Waldor's recommendation that the matter be remanded. (D.E. No. 29 ("Alina's Objection").) Plaintiff responded to Alina's Objection and objects to Judge Waldor's recommendation that the Court deny him an award of attorney's fees. (D.E. No. 30 ("Plaintiff's Objection").) The Court has reviewed the relevant submissions and decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the following reasons, the Objections are overruled, and the Court adopts Judge Waldor's R&R in full.

**I.   Background**

Because the Court finds no clear error in the background section as outlined in the R&R, to which the parties do not object, the Court fully adopts and incorporates by reference the facts as laid out in the R&R. (*See* R&R at 1–2.) In pertinent part, Judge Waldor explained that "this

action stems from multiple lawsuits between Plaintiff and [ ] Alina that arose from an underlying divorce proceeding." (R&R at 1.)  In this action, Plaintiff is suing Alina, Alina's mother, Galina Sokolovskaia ("Galina"), and a corporation founded by Alina and Galina, Wide Bridge, Inc., and the complaint "alleges in broad strokes that Alina and Galina worked together to fraudulently conceal and transfer marital funds that Plaintiff has an interest in." (*Id.*)  Plaintiff initially filed in Bergen County Superior Court on April 24, 2020. (*Id.*)  On May 28, 2020, Alina removed the action to this Court on the basis of diversity jurisdiction, and Galina joined in the notice of removal. (*Id.*)  On June 9, 2020, Plaintiff filed an emergent motion to remand this case to New Jersey state court arguing *inter alia* that the forum defendant rule bars removal.  In the R&R, Judge Waldor agreed with Plaintiff, concluding that "because Galina is a New Jersey citizen and was served at the time of removal, Alina's removal of the action violated the forum defendant rule." (*Id.* at 4.)  As a result, Judge Waldor recommended that Plaintiff's motion to remand be granted and that Plaintiff's request for attorney's fees be denied. (*Id.*)

On October 19, 2020, Alina filed a timely objection to the R&R, arguing that Galina was not properly served at the time of removal. (*See* Alina's Objection at 2.[1])  The next day, Plaintiff filed a response in "support of magistrate's remand recommendation and [in] objection to denial of legal fees to Plaintiff."[2]  Alina filed a reply on October 22, 2020. (D.E. No. 34.)

---

[1]  When referring to specific page numbers in Alina's Objection, the Court uses the page numbers generated by the Court's electronic filing system in the upper-righthand corner.

[2]  The same day, Plaintiff filed a motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue preventing Galina from dissipating her share of net proceeds from a real property sale. (D.E. No. 31.)  In that motion, Plaintiff argues that this Court should grant him the extraordinary remedy of preliminary injunctive relief notwithstanding the fact that in making his objection to the denial of fees in the R&R, he forcefully argues that "this matter belongs in the Superior Court of New Jersey." (*See* Plaintiff's Objection at 6.)  Because the Court adopts the R&R and remands this action, the Court does not reach the merits of the motion.

## II. Standard of Review

When a magistrate judge addresses motions that are considered "dispositive," such as motions to remand an action to state court, a magistrate judge submits a report and recommendation to the district court. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(c)(2); *see also In re U.S. Healthcare,* 159 F.3d 142, 146 (3d Cir. 1998) ("[A]n order of remand is no less dispositive than a dismissal order of a federal action for lack of subject matter jurisdiction where a parallel proceeding is pending in the state court."). When a party objects to a report and recommendation, "the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.,* No. 13–4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013); *see also* § 636(b)(1). And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1)(C). The district court "may also receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

## III. Analysis

As a preliminary matter, the parties do not object to certain aspects of the R&R, including Judge Waldor's conclusion that Alina's notice of removal was timely. (R&R at 3.) The Court having reviewed the R&R, and for the reasons stated therein, adopts those portions of the R&R.[3] Thus the sole issues for the Court are (i) whether the forum defendant rule bars removal of this action; and (ii) whether Plaintiff should be awarded attorneys' fees.

### A. Forum Defendant Rule

A party may remove a civil action from state court to federal court within thirty days after receipt of the initial pleading if the district court has original jurisdiction over the action. *See* 28

---

[3] Plaintiff takes issue with Judge Waldor's conclusion that there was insufficient evidence to support a finding that Wide Bridge was properly served. (Plaintiff's Objection at 3.) But because remand is warranted based on proper service of Galina, the Court does not evaluate any arguments relating to Wide Bridge.

3

U.S.C § 1441; 28 U.S.C § 1446.  Pursuant to 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states.  But the forum defendant rule precludes removal based on diversity jurisdiction if one of the defendants is a citizen of the state in which the complaint was originally filed.  Specifically, § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  The Third Circuit has said that removal statutes, such as § 1441(b)(2), "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

Alina does not dispute that Galina is a citizen of New Jersey and that the forum defendant rule bars removal if she was properly served.  (*See* Alina's Objection at 2.)  Instead, Alina argues that Judge Waldor erred in concluding that Galina was properly served at the time of removal.  (*Id.*)

Judge Waldor relied on service via regular mail, and New Jersey Court Rule 4:4-4, to determine that service was proper.  Rule 4:4-4(c) states the following:

> **Optional Mailed Service.** Where personal service is required to be made pursuant to paragraph (a) of this rule, service, in lieu of personal service, may be made by registered, certified or ordinary mail, provided, however, that such service shall be effective for obtaining in personam jurisdiction only if the defendant answers the complaint or otherwise appears in response thereto [. . . .]

Although Alina does not object to Judge Waldor's conclusion that Galina was served via regular mail, she argues that such service was not effective because Galina never appeared in the

4

action.[4]  (Alina's Objection at 4.)  Specifically, she takes issue with Judge Waldor's conclusion that Galina's notice of joinder in removal constituted an appearance.  In so arguing, Alina makes much of the fact that Galina did not file an answer to the complaint or some other responsive pleading as contemplated by New Jersey Court Rule 4:6-1.  But Rule 4:4-4(c) does not specify that only an answer or a responsive *pleading* is necessary to effectuate service by regular mail; rather, the rule contemplates an answer or some other appearance in response to the service of the summons and complaint.  In other words, the plain language of the rule suggests that an appearance may be something other than an answer or a responsive pleading.  Other judges in this district have concluded that the filing of a notice of removal constitutes an appearance for purposes of Rule 4:4-4(c).  *Gelber v. Kirsch*, No. 14-6768, 2015 WL 1471960, at *5 (D.N.J. Mar. 30, 2015), *report and recommendation adopted*, No. 14-6768, 2015 WL 2403971 (D.N.J. May 20, 2015) ("Upon review of the case law, this Court concludes that the filing of a notice of removal is sufficient to constitute an appearance under R 4:4–4(c)."); *Giovanni v. Mentor Worldwide, LLC*, No. 12-4435, 2012 WL 5944181, at *4 (D.N.J. Nov. 21, 2012) (concluding that a notice of removal filed in federal and state court was sufficient to constitute an appearance under Rule 4:4-4(c)).[5]

Indeed, Alina offers no case law that compels a different conclusion.  To start, Alina relies on *MacDonald v. Township of Wall Police Dep't*, No. 11-1598, 2011 WL 1740410, at *1–

---

[4]  Before Judge Waldor, Alina and Galina made inconsistent arguments and statements as to how and when Galina was served, and whether she was indeed served by regular mail.  (*See* R&R at 2–3 & 4.)  Judge Waldor concluded, based on Galina's admission of service in her removal papers and the lack of evidence to the contrary, that Galina was served with the summons and complaint via regular mail.  Alina does not specifically object to this portion of the R&R, and the Court agrees with Judge Waldor's reasoning.

[5]  Alina attempts to distinguish *Giovanni* by arguing that in that case, unlike in the present case, the notice of removal was filed on the state court docket.  (Alina's Objection at 5.)  The Court is not persuaded that the filing of the notice on the state court docket is dispositive.  Moreover, it is clear from the certificate of service attached to Galina's notice of joinder that she delivered a copy of the notice (which is captioned with the state court case number) to the state court.  (*See* D.E. No. 2 at 1 & 3.)

2 (D.N.J. May 4, 2011), for the proposition that "an unresponded to complaint constitutes ineffective and proper service, **yet the forum defendant rule expressly requires there to be proper service**." (Objection at 5 (emphasis in original).) The *MacDonald* court held that, notwithstanding whether service by mail became effective, it was sufficient to trigger the thirty-day removal clock because the court could be satisfied that the mail was actually received and that defendants were on notice of the lawsuit. *MacDonald*, 2011 WL 1740410, at *2. And even though it expressly declined to decide the issue, the *MacDonald* court stated that it was "inclined" to reject the defendants' unsupported argument that the filing of a notice of removal does not constitute an answer or appearance under Rule 4:4-4(c). *Id.* at *1. Thus, if anything, *MacDonald* supports Judge Waldor's conclusion, and Alina's argument to the contrary is unpersuasive.

Similarly unpersuasive are Alina's arguments about the Third Circuit's decision in *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147 (3d Cir. 2018), and the Supreme Court's decision in *Murphy Bros.*, *Inc. v. Michetti Pipe Stringing*, *Inc.*, 526 U.S. 344 (1999). Alina argues that the *Encompass* court "abided by the plain meaning of the text of the [forum defendant rule]," and concluded that "properly joined and served means just that, and does not mean served by informal means." (Alina's Objection at 6.) And in *Murphy Brothers*, the Supreme Court considered whether the 30-day time limit for removal begins to run upon receipt of the complaint but before service of official process. 626 U.S. at 347. In answering that question in the negative, the Supreme Court emphasized the importance of formal service. *See id.* at 355–56. But here, the Court does not hold that Galina was served by informal means and that such means were sufficient; instead, the Court holds that she was formally and properly served by mail pursuant to Rule 4:4-4(c) because she appeared through her notice of removal.

6

In sum, after a *de novo* review, the Court agrees with Judge Waldor that Galina was properly served, and that the forum defendant rule bars removal of this action. Alina's Objection is therefore OVERRULED.

### B.     Attorney's Fees

Plaintiff's only objection to the R&R challenges Judge Waldor's decision not to award attorney's fees. The removal statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). As the Supreme Court has explained, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). And the decision to award fees and costs is a matter within the Court's discretion. *Costa v. Verizon New Jersey, Inc.*, 936 F. Supp. 2d 455, 467 (D.N.J. 2013).

Judge Waldor declined to recommend a fee award because the notice of removal was based on a misunderstanding of the removal statute and Rule 4:4-4(c). (R&R at 4.) Plaintiff argues that Alina's misunderstanding of the law is irrelevant, citing to case law about how *pro se*[6] litigants are still held to certain procedural rules. (Plaintiff's Objection at 4.) He also cites to certain email correspondence, in which counsel for Plaintiff apparently explained the forum defendant rule to Alina, as evidence that she was actually and constructively aware of the relevant laws. (*Id.* at 5.) And finally, Plaintiff cites to incurred fees resulting from defending additional motions filed by Alina. (*Id.*)

Plaintiff's arguments are unpersuasive, especially in a case such as this one where removal is barred based on a procedural defect such as the forum defendant rule. *See Encompass Ins.*, 902 F.3d at 152 ("This Court has long held that the forum defendant rule is procedural

---

[6]     Alina filed the notice of removal *pro se*. Counsel entered an appearance on June 15, 2020. (D.E. No. 8.)

rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'" (quoting *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995))); *Saterstad v. Stover*, 249 F. App'x 955, 956 (3d Cir. 2007) (affirming district court's determination that appellant was not entitled to fees and finding it significant that "the [d]istrict [c]ourt did not dismiss for lack of subject matter jurisdiction but rather for a procedural defect"). And the Court sees no other "unusual circumstances" that warrant awarding attorney's fees. *See Martin*, 546 U.S. at 136. Accordingly, the Court agrees with Judge Waldor and declines to exercise its discretion to award fees.

### IV. Conclusion

For the foregoing reasons, the Court overrules the parties' objections and adopts Judge Waldor's R&R in full. This matter is remanded to the Superior Court of New Jersey, Bergen County. An appropriate Order accompanies this Opinion.

*/s/Katharine S. Hayden*
**Katharine S. Hayden, U.S.D.J.**